UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:06-CR-346 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 32] |
| RAYMOND L. GRENIER and DELTA EQUITY SERVICES CORP., | : | |
| Defendants. | : | |

-----------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this motion, the Court decides whether to reconsider its Order granting Defendants' motion to dismiss the Government's indictment against Raymond L. Grenier ("Grenier") and Delta Equity Services Corp. ("Delta Equity"). [Docs. 29, 32.] For reasons presented, the Court finds the Government has failed to present a sufficient basis for it to reconsider its Order granting Defendants' motion to dismiss. As a result, the Court **DENIES** Plaintiff's motion for reconsideration.

I. Background

On July 11, 2006, the United States indicted Grenier and Delta Equity on one count of making false statements to the Securities and Exchange Commission ("SEC") in violation of 18 U.S.C. Sections 2 and 1001. [Doc. 1.] Specifically, the indictment cites ten direct quotes from Defendants' July 10, 2001 *Wells* submission to the SEC that the Government alleged are false statements under the statute. *Id.*

On July 28, 2006, Defendants moved to dismiss the indictment as time-barred under the

-1-

Case No. 5:06-CR-346
Gwin, J.

relevant statute of limitations. [Doc. 3.] On August 11 and 16, the Government filed its opposition to Defendants' motion to dismiss. [Docs. 14, 17.] On August 29, the Court heard argument on Defendants' motion and, on September 5, granted the motion ("September 5 Order"). [Doc. 29.] On September 8, the Government filed the instant motion for reconsideration, which Defendants opposed on September 14. [Docs. 32, 34.]

## II. Legal Standard

The Federal Rules of Criminal Procedure do not provide for a motion to reconsider, but common law doctrine recognizes such motions. *See, e.g.*, *United States v. Holtzhauer*, 2006 WL 1582444, at *2 (S.D. Ohio June 8, 2006). Courts presented with motions for reconsideration in criminal cases typically evaluate those motions under the same standards as those applicable to a civil motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Id.* at *3.

A court may grant a motion to alter or amend a judgment as an efficient means to correct an otherwise erroneous judgment. *Boler Co. v. Watson & Chalin Mfg., Inc.*, 372 F. Supp. 2d 1013, 1024 (N.D. Ohio 2005). A reconsideration motion is not an opportunity to relitigate previously decided matters or present the case under new theories. *See, e.g.*, *Gen. Truck Driver Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999), *cert. denied*, 528 U.S. 1137 (2000); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Following the established Rule 59(e) standard, a court grants a motion for reconsideration for one of three reasons: because of an intervening change in controlling law, because evidence not previously available has become available, or because it is necessary to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Boler*, 372 F. Supp. 2d at 1025; *Gen. Truck Driver*, 190 F.3d

Case No. 5:06-CR-346
Gwin, J.

at 445.  A motion to alter or amend a judgment is an extraordinary remedy that a court grants sparingly in the interests of repose and conservation of scarce judicial resources.  *Holtzhauer*, 2006 WL 1582444, at *3-4 (citations omitted).

### III.  Analysis

Here, the Government's motion does not meet the required standard for the Court to grant reconsideration.  The Government does not argue that controlling law has changed since the Court's September 5 Order, it does not present any new evidence, and it does not assert that the Court clearly erred in its application of law or created a situation of "manifest injustice."  For these reasons, the Government's motion fails.

The Government uses its motion for reconsideration to make two arguments, both of which the Court previously considered and rejected.  First, the Government asserts that the July 10, 2001 fax of the *Wells* submission and the July 11, 2001 mailing of the same are "separate and distinct filings."  *See* Doc. 32 at 2.  The Court rejected this argument in its September 5 Order, finding that "[t]he indictment complains that ten statements within both the July 10, 2001 and the July 11, 2001 submissions were false.  Nothing added by the July 11, 2001 waiver made the statements any more actionable."  *See* Doc. 29 at 9.  Thus, the *Wells* submission that Defendants faxed to the SEC on July 10, 2001 was material, within the SEC's jurisdiction, and completed the crime of making false statement under 18 U.S.C. Section 1001.  This is simply a reiteration of the Court's finding in its September 5 Order.

The Government also uses its instant motion to argue that the indictment "charged the defendants with concealment under 18 U.S.C. § 1001 under a scheme that ran through July 13, 2001."  *See* Doc. 32 at 3.  This formulation is a hybrid: it is a re-hash of an argument that the

-3-

Case No. 5:06-CR-346
Gwin, J.

Government raised earlier, but abandoned, and a wholly-new assertion. As such, it is inappropriate in this motion for reconsideration.

In its opposition to Defendants' motion to dismiss, the Government argued "the indictment expressly charges concealment, an ongoing and continuing offense, extending the statute of limitations beyond the July 11, 2006 expiration." *See* Doc. 14 at 5. Upon questioning by the Court, the Government abandoned this theory at the August 29 hearing. As for the Government's current assertion that Defendants promoted a "scheme that ran through July 13, 2001," the record does not contain any evidence to support this contention. Because the Government's argument relies upon a previously considered and rejected contention and a new, unsupported assertion, it fails as support for Plaintiff's motion for reconsideration.

Finally, nothing in the three "new" cases cited by the Government in its motion for reconsideration represents an "intervening change" in "controlling law." *See United States v. Guzman*, 781 F.2d 428 (5th Cir.), *cert. denied*, 475 U.S. 1143 (1986); *United States v. Marianne*, 688 F.2d 980 (5th Cir.), *cert. denied*, 459 U.S. 1109 (1983); *United States v. Edward Shaw*, 150 Fed. Appx. 863 (10th Cir. 2005). First, these cases are not "intervening" because they pre-date the Court's September 5 Order. Second, upon the Court's review, these cases do not "change" the judicial interpretation of 18 U.S.C. Section 1001 and, more importantly, are substantively inapposite to the case at-hand. Third, the Court respects these opinions from the Fifth and Tenth Circuits, but is not controlled by them.

IV. Conclusion

For these reasons, the Court finds that the Government has failed to present a sufficient basis for it to reconsider its Order granting Defendants' motion to dismiss. As a result, the Court

Case No. 5:06-CR-346
Gwin, J.

**DENIES** Plaintiff's motion for reconsideration.

 IT IS SO ORDERED.


Dated: September 28, 2006         s/  *James S. Gwin*
                     JAMES S. GWIN
                     UNITED STATES DISTRICT JUDGE